1

2

3

4

5

6

7

8

9 IN THE UNITED STATES DISTRICT COURT

10 FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

THANG DUNG HUYNH,                    )      No. C 05-3823 MMC (PR)
                                     )
            Petitioner,              )      **ORDER OF DISMISSAL**
                                     )
    v.                               )
                                     )
PEOPLE OF THE STATE OF               )      (Docket No. 2)
CALIFORNIA,                          )
                                     )
            Respondent.              )
_____
_

        Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has applied for leave to proceed in

forma pauperis.

                              **BACKGROUND**

        Petitioner pled guilty to charges of possession of a controlled substance and admitted

certain sentencing enhancements based on a prior conviction and prior term of imprisonment.

He was sentenced to a term of six years in state prison.  The California Court of Appeal

affirmed and the California Supreme Court denied review.

                               **DISCUSSION**

A.      Standard of Review

        This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in

1   custody pursuant to the judgment of a State court only on the ground that he is in custody in

2   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a);

3   Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an

4   order directing the respondent to show cause why the writ should not be granted, unless it

5   appears from the application that the applicant or person detained is not entitled thereto."  28

6   U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are

7   vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v.

8   Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-

9   76 (1977)).

10   B.      Legal Claims

11          Petitioner claims (1) that the trial court incorrectly imposed a one-year term under

12   California Penal Code § 667.5(b) based on petitioner's prior commitment to the California

13   Youth Authority; and (2) that under state law, his prior robbery conviction should have been

14   stricken in the interests of justice.  These claims are not cognizable in federal district court

15   because petitioner does not allege the violation of any federal law, as is required for federal

16   habeas relief.  Rose v. Hodges, 423 U.S. 19, 21 (1975).  A federal court may vacate a state

17   sentencing decision only on the basis of some transgression of federal law, not state law.  See

18   Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987).  Accordingly, petitioner has not stated a

19   cognizable claim for federal habeas relief.

**CONCLUSION**

21          In light of the foregoing, the petition for a writ of habeas corpus is DISMISSED for

22   failure to state a cognizable claim for relief.  The application to proceed in forma pauperis is

23   GRANTED.

24          This order terminates Docket No. 2.

25          The Clerk shall close the file and terminate any pending motions.

26          IT IS SO ORDERED.

27   DATED: October 28, 2005

28                                                    MAXINE M. CHESNEY

2

United States District Judge

United States District Court

For the Northern District of California